HENRY K. WARREN, APPELLANT, v. E. W. PETERSON
ET AL., APPELLEE.

[FILED SEPTEMBER 15, 1891.]

**Homestead:** ABANDONMENT: ATTACHMENT. In an action by a
purchaser of an alleged homestead to enjoin a sale of the prop-
erty under an attachment and order of sale against the person
who was entitled to the benefit of the exemption, the testimony
tended to show that the premises had been abandoned as a
homestead before the levy of the attachment, and that the pur-
chaser had waived all claims for damages by reason of any lien
or judgment on said land against Lydick, the vendor of the
alleged homestead. *Held*, That there was no equity in the peti-
tion and the judgment of the court below dismissing the action
was right and was affirmed.

APPEAL from the district court for Burt county.
Heard below before WAKELEY, J.

*N. J. Sheckell*, for appellant, cited: *McCreery v.
Schaffer*, 26 Neb., 173; *Vt. Savings Bk. v. Elliott*, 18 N.
W. Rep. [Mich.], 806; *Armitage v. Toll*, 31 Id., 408;
Thompson, Homesteads, secs. 264, 265, 277, 318; *West-
heimer v. Reed*, 15 Neb., 664; *Wright v. Smith*, 11 Id.,
343; *Dennis p. Omaha Natl. Bank*, 19 Id., 677; *Zimmer
v. Pauley*, 8 N. W. Rep. [Wis.], 221; *Persifull v. Hind*,
11 S. W. Rep. [Ky.], 15; *Newton v. Calhoun*, 68 Tex.,
451; *Hanlon v. Pollard*, 17 Neb., 371; *Phipps v. Action*,
12 Bush [Ky.], 375; *Guy v. Downs*, 12 Neb., 533; *Schribar
v. Platt*, 19 Id., 631.

*E. W. Peterson*, contra, cited: Freeman, Executions,
sec. 239; *Rector v. Rotton*, 3 Neb., 171; *Conley v. Chili-
cote*, 25 O. St., 324; *McComb v. Thompson*, 42 Id., 146;
*Newman v. Franklin*, 28 N. W. Rep. [Ia.], 579, *Williams
v. Moody*, 28 N. W. Rep. [Minn.], 510; *McDaniel v.
Ragsdale*, 8 S. W. Rep. [Tex.], 625; *Gates v. Steele*, 4 S.
W. Rep. [Ark.], 53, and cases.

MAXWELL, J.

This is an action to enjoin a sale of real estate under an attachment upon the ground that the property was the homestead of one Josiah Lydick.

The court below dismissed the action, from which decree the plaintiff appeals. It appears from the record that in June, 1887, Peterson, one of the defendants, brought an action in the district court of Burt county against Josiah Lydick to recover the sum of $290 and interest on two promissory notes, and that he caused an order of attachment to be issued out of said court and levied on said land, and on the 5th day of December following judgment for the amount claimed was rendered in said cause, and an order granted to Parker, the sheriff, to sell the property. From this order and judgment no appeal was taken. On the 28th day of October, 1887, Lydick and wife executed a deed for the real estate in question to the plaintiff, the consideration being $3,600; that for nearly twenty years prior to the year 1887 the land in question had been the homestead of Lydick and family, but some time about the beginning of the year 1887—the exact time does not appear—the farm was rented for a year to a married son of Lydick, and Lydick and wife removed to another place. It is true they reserved two rooms in the house for their own use, but they did not occupy them, either personally or with any considerable amount of their goods. They seem to have abandoned the property as their homestead about the beginning of the year 1887, and are not now contesting the right, and claiming the property as a homestead.

The testimony tends to show that Lydick was owing considerable sums of money to various parties, and among others to the plaintiff, and that the plaintiff obtained the farm in satisfaction of his claim upon assuming certain

claims against the estate. So far as the record shows, Lydick was anxious to pay all his debts, including that of Peterson, and as a condition of making the deed he required the plaintiff to execute a release as follows:

"Know all men by these presents, that I, H. K. Warren, for and in consideration of a deed made and executed by Josiah Lydick and Sarah A. Lydick his wife, on the 28th day of October, 1887, and on this 20th day of February, 1888, delivered to said H. K. Warren, that the said H. K. Warren takes said deed and the premises conveyed thereby, to-wit: The W. $\frac{1}{2}$ of N. W. $\frac{1}{4}$, and the N. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$, and the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 36, township 22, range 11 east, 6th P. M., in Burt county, Neb., hereby waiving any or all claims or right of action against the said Josiah Lydick or his heirs on said deed by reason of any judgment, liens, or taxes against the aforesaid lands."

So that the aforesaid homestead protection claimed on behalf of the plaintiff for Lydick and wife, is directly against their interest.

It is very clear that the land in question was not the Lydick homestead when the attachment was levied upon it, and that it is subject to the payment of Peterson's judgment. There is no equity in the petition, and the judgment is

AFFIRMED.

THE other judges concur.